# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARNAIL KAUR GILL, | ) 1:07cv0516 AWI DLB |
| | ) |
| | ) ORDER GRANTING PLAINTIFF'S MOTION |
| | ) TO AUGMENT AND/OR INTRODUCE |
| Plaintiff, | ) EVIDENCE |
| | ) (Document 19) |
| v. | ) |
| | ) |
| Michael Chertoff, Secretary, et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Karnal Karur Gill ("plaintiff ") filed the instant motion to augment and/or introduce evidence on October 5, 2007. Defendants filed an opposition on October 11, 2007. A hearing was held before the undersigned on November 9, 2007. Attorney James Makasian appeared for plaintiff and attorney Ada Bosque appeared for defendants.

## BACKGROUND

On June 23, 2005, plaintiff filed an application for naturalization, including a medical waiver form N-648 to explain her inability to understand English. Plaintiff's treating physician Dr. Manbir Singh filled out the medical waiver. AR 51-52. On November 16, 2005, plaintiff was interviewed by the Citizenship and Immigration Service ("CIS") but was unable to demonstrate an ability to understand English. AR 54-55. Plaintiff was asked to provide an updated medical waiver form and to address a list of questions concerning her medical condition

as it related to her ability to understand English.  AR 71-72.  Instead, plaintiff submitted a second for N-648 by Dr. Singh.  AR 46-47.

On February 2, 2006, plaintiff was interviewed a second time by CIS and again failed to demonstrate an ability to understand English.  AR 39-40.  The application was denied on February 14, 2006.  Plaintiff appealed the decision and submitted a third N-648.  AR 19.  The appeal was denied on February 1, 2007.  Plaintiff filed this Complaint for Declaratory Judgment of Naturalization on April 2, 2007.

Plaintiff contends that her application was improperly denied despite medical reports from Dr. Manbir Singh regarding her mental status and physical disability that affect her ability to speak English.  On October 5, 2007, plaintiff filed the present motion to augment the record and to introduce the expert testimony of Dr. Singh regarding her medical condition.  Plaintiff urges the court to allow such evidence and testimony to augment the original alien file as well as respond to and rebut defendants' contrary medical opinions relating to her medical condition.

Defendants oppose the motion and point out that Dr. Singh provided three medical waiver forms in support of plaintiff's application for naturalization.  Because the alien file already includes evidence of Dr. Singh's diagnosis, defendants argue that his expert testimony is unnecessary and cumulative.  To the extent plaintiff seeks to augment the record by introducing evidence not presented to the agency during the adjudication, defendants argue the motion should be denied for failure to exhaust her administrative remedies.

## DISCUSSION

8 U.S.C § 1421 provides for judicial review of the denial of an application for naturalization:

> c) Judicial review
> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C § 1421. *See also* Aparicio v. Blakeway, 302 F.3d 437, 440 (5th Cir.2002) ("Rather than conducting an administrative review, the district court reviews the case *de novo* and makes its own findings of fact and conclusions of law."); 8 CFR § 336.9(a) ("[8 U.S.C. § 1421(c) provides] the sole and exclusive procedures for requesting judicial review of final determinations on applications for naturalization ..."). 8 C.F.R. § 336.9 (c) provides:

> (c) Standard of review. The review will be de novo, and the court will make its own findings of fact and conclusions of law. The court may also conduct, at the request of the petitioner, a hearing de novo on the application for naturalization.

Plaintiff seeks to augment the Court's record with additional information regarding Dr. Singh's original diagnosis offered to the agency in order to explain how her medical conditions prevent her from understanding the English language. At the hearing, plaintiff confirmed that she does not seek to introduce a new or different diagnosis but only to provide an amplification of the evidence already submitted to the agency. With this assurance, the Court finds that the supplemental information regarding plaintiff's diagnosis will be helpful in conducting the de novo review and therefore plaintiff's motion will be granted.

Based on the foregoing, plaintiff's motion to augment and/or introduce evidence is HEREBY GRANTED as discussed in this Order. Based on the parties' agreement, the deposition of Dr. Singh shall be taken prior to the hearing.

IT IS SO ORDERED.

Dated:   **November 26, 2007**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE